UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEONARD CARTER,

                 Plaintiff(s),

    v.

SEATTLE TIMES COMPANY,

                 Defendant(s).

NO. C07-1301MJP

ORDER OF DISMISSAL

The above-entitled Court, having received and reviewed:

1.      Defendant's Motion to Dismiss Under Civil Rule 12(b)(6) (Dkt. No. 16)

2.      Plaintiff's Response to Defendant's Motion to Dismiss (Dkt. No. 19)

3.      Defendant's Reply in Support of Its Motion to Dismiss (Dkt. No. 21)

4.      Plaintiff's Response to Defendant's Reply in Support of Its Motion to Dismiss (Dkt. No. 26)

5.      Defendant's Motion to Strike Plaintiff's Surreply (Dkt. No. 27)

and all exhibits and declarations attached thereto, makes the following ruling:

       IT IS ORDERED that the motion to strike Plaintiff's surreply is DENIED.

       IT IS FURTHER ORDERED that Defendant's motion to dismiss is GRANTED; Plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted.

**Background**

       Plaintiff was formerly a part-time telemarketing employee of Defendant Seattle Times Company. Following his termination from employment, he filed race discrimination charges with both the Seattle Office of Civil Rights ("SOCR") and the Equal Employment Opportunity Commission ("EEOC"). SOCR dismissed Plaintiff's complaint and denied his appeal of that dismissal. EEOC adopted the SOCR findings and also dismissed Plaintiff's charge. The EEOC mailed a Dismissal and

**ORD ON MTN
TO DISMISS - 1**

1  Notice of Rights to Plaintiff on February 8, 2007.  See Dismissal and Notice of Rights, attachment to

2  Plaintiff's Second Amended Complaint. (Dkt. No. 4, pp. 23 and 26.)

3       Originally, Plaintiff sued Defendant in King County Superior Court in April 2007 (Case No.

4  07-2-12365-2 SEA; see attachment to Plaintiff's Second Amended Complaint).  That complaint

5  contained no allegations of violations of Title VII or any other federal law.  On October 7, 2007,

6  Plaintiff entered a voluntary dismissal of his Superior Court suit.  Decl. of Lawton Humphrey.

7       On August 20, 2007, Plaintiff filed this lawsuit in federal court.  An amended complaint to

8  which were attached the EEOC Notice and various other documents was filed on August 31, 2007.

9  (Dkt. No. 4.)  The amended pleading was submitted on an "Employment Discrimination Complaint"

10  form, alleged discrimination based on Plaintiff's race, sex and national origin, and sought $50 million

11  in damages.

12                                **Analysis/Discussion**

13       FRCP 12(b)(6) grants district courts the authority to dismiss all or part of a complaint for

14  failure to state a claim upon which relief can be granted; the moving party is entitled to dismissal if

15  they can establish that the complainant can prove "no set of facts in support of his claim which would

16  entitle him to relief."  Maduka v. Sunrise Hospital, 375 F.3d 909, 911 (9th Cir. 2004).  One such set

17  of circumstances would be if a plaintiff has filed his complaint outside the applicable statute of

18  limitations.  If the claims are not timely, there is no set of facts under which the plaintiff would be

19  allowed to recover damages.

20       Title VII requires that a plaintiff file a lawsuit within 90 days of the dismissal of his claims by

21  the EEOC.  42 U.S.C. § 2000(e)-5(f)(1).  An action which is filed outside this 90-day period is barred.

22  Nelmisda v. Shelly Eruocars, Inc., 112 F.3d 380, 383 (9th Cir. 1997); Scholar v. Pacific Bell, 963 F.2d

23  264, 267 (9th Cir. 1992).

24

25

26  **ORD ON MTN**
    **TO DISMISS - 2**

1       Plaintiff was issued his notice of dismissal and right to sue letter from the EEOC on February

2  8, 2007.  The notice bears express instructions, highlighted in bold, upper-case, underlined letters,

3  advising claimants that they are required to file any suit alleging federal law violations within 90 days

4  from receipt of the notice.  See Dismissal and Notice of Rights, attachment to Plaintiff's Second

5  Amended Complaint (Dkt. No. 4, pp. 23 and 26).  That same notice warns claimants that the

6  consequence for failure to file within 90 days is loss of the right to bring claims under Title VII.  Id.

7       Plaintiff filed his state court complaint within the 90-day period following notice by the EEOC.

8  But this fact does not shield Plaintiff from the operation of the Title VII statute of limitations.  First,

9  the state court complaint contains no allegations of violations of Title VII or any other federal law.

10  Second, the state action was voluntarily dismissed by Plaintiff.  The absence of any Title VII

11  allegations means that the 90-day "clock" continues to tick.  Even if the state lawsuit had contained

12  claims of federal law violations, however, "[i]n instances where a complaint is timely filed and later

13  dismissed, the timely filing of the complaint does not 'toll' or suspend the ninety-day limitations

14  period."  O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1066 (9th Cir. 2006).

15       Plaintiff's federal complaint was filed more than 6 months after the EEOC notice was issued.

16  Unless some other operation of law intercedes to toll the statute of limitations, Plaintiff's federal

17  complaint is not timely.  As the O'Donnell court did, this Court examines the circumstances here for

18  possible impediments to the running of the statute of limitations.  Plaintiff's federal complaint does not

19  "relate back" to his original state court complaint because (1) the state court complaint was still

20  pending when the federal action was filed and (2) the federal complaint cannot be considered an

21  "amendment" of the state pleading since it is filed in an separate judicial system and constitutes an

22  entirely different legal action.

23       Nor are  "equitable tolling" or "estoppel" available to Plaintiff as defenses to the limitations

24  claim.  Estoppel requires some proof of wrongdoing on the part of the defendant which contributed to

25

26  **ORD ON MTN**
**TO DISMISS - 3**

1   Plaintiff's failure to timely file (Id. at 1067); there are no allegations of such impropriety on

2   Defendant's part in this action.  And although "[l]imitations periods are 'customarily subject to

3   'equitable tolling,'" such tolling will not apply if it is "inconsistent with the text of the relevant

4   statute."  Id. at 1068 (citations omitted).  The Title VII statutory scheme contemplates a 90-day

5   statute of limitations upon receipt of the notice of right to sue; absent any indication of malfeasance by

6   a defendant, application of equitable tolling to the EEOC limitations period would not be consistent

7   with the language or intent of the statute.

8        The Court pauses in its analysis to address a procedural issue.  Although Plaintiff filed a timely

9   response to Defendant's motion, the pleading consisted of six handwritten sentences which, even

10  viewed in the light most favorable to the non-moving party, do not adequately address Defendant's

11  legal arguments.[1]  It was not until the noting date for the motion (and after Defendant had already filed

12  its reply brief) that Plaintiff filed a more substantive "Response to Defendant's Reply in Support of Its

13  Motion to Dismiss under Civil Rule 12(b)(6)."  (Dkt. No. 26.)  The Court recognizes this pleading as

14  a surreply.  Such a pleading is not authorized by the local rules of this district and Plaintiff did not seek

15  permission of the Court to file it.

16       Defendant has moved to strike Plaintiff's unauthorized surreply.  (Dkt. No. 27.)  The Court

17  denies this motion for two reasons: (1) as a pro se litigant, Plaintiff is entitled to a certain latitude

18  regarding his understanding of the local rules of practice and the rules of civil procedure (and further

19  latitude based on his apparent expectation that he would receive professional legal assistance at some

20  point); and (2) none of the arguments in his surreply are sufficient to defeat Defendant's motion.  The

21

22

23       [1]  The last sentence of Plaintiff's first responsive pleading – "I will ask for a continuance with the hearing
    because I will have an attorney on November 15, 2007" (Pltf. Response, p. 3) – possibly explains the minimal nature of
    Plaintiff's defense of his complaint.  Plaintiff had requested the appointment of counsel and that request was pending at

24  the time of his response.  Although the request was ultimately denied (Dkt. No. 20), the Court considers it likely that
    Plaintiff believed that he would be able to avail himself of more expert legal assistance in responding to Defendant's

25  motion and therefore did not fully address Defendant's arguments himself.

26  **ORD ON MTN**
    **TO DISMISS - 4**

1    Court wishes Plaintiff to understand that this dismissal is based on substantive procedural law, not on a

2    technicality resulting in Plaintiff's position not being fully considered.

3          Turning to the arguments in Plaintiff's surreply, he first contends that "equitable tolling" is

4    applicable in his circumstances.  He cites O'Donnell for the rule that "[e]quitable tolling is generally

5    applied in situations where the claimant has actively pursued his judicial remedies by filing a defective

6    pleading during the statutory period."  465 F.3d at 1068.  But Plaintiff has failed to allege or prove

7    that there was anything "defective" about the pleading which he initially filed in state court.  And, as

8    has been previously noted, Plaintiff's state complaint contained no allegations of Title VII (or other

9    federal law) violations, therefore the statute of limitations continued to run.

10          Plaintiff attempts to depict his Second Amended (federal) Complaint as "relating back" to his

11   initial state filing.  This argument has likewise been dealt with earlier in this order.  Plaintiff again

12   quotes the O'Donnell opinion (and FRCP 15(c)(2)) for the proposition that "a later pleading 'relates

13   back' to the original pleading if the claims in the later pleading 'arose out of the conduct, transaction

14   or occurrence set forth or attempted to be set forth in the original pleading.'"  Id. at 1067.  Even if the

15   state court complaint could be considered a pleading to which a later federal complaint could relate

16   back, that state document contains only allegations that Plaintiff was pushed, called an "asshole" and

17   (in a second incident) was the target of a racial epithet.  According to the state complaint, both these

18   incidents were reported to supervisors. State Complaint, § III.

19          The state claims do not relate to employment termination based on racial discrimination.

20   Plaintiff's "relation back" theory is simply untenable.  Furthermore, FRCP 15(c) – "Relation Back of

21   Amendments" – states that "an amendment of a pleading relates back to the date of the original

22   pleading when (1) relation back is permitted by the law that provides the statute of limitations

23   applicable to the action..."  FRCP 15(c)(1).  Plaintiff has cited to no provision of Title VII that permits

24   "relation back."

25

26   **ORD ON MTN**
     **TO DISMISS - 5**

1      Finally, Plaintiff contends that, even if his federal claims are subject to dismissal, his "state

2    claims are not subject to any 90-day statute of limitations and must be preserved."  Pltf. Surreply, p. 2.

3    The Court's response to this position is twofold:

4          (1) It does not appear on the face of Plaintiff's Second Amended Complaint that there are any

5          "state claims."  Plaintiff cites to no state statutes or causes of action and filed a form entitled

6          only "Employment Discrimination Complaint."

7          (2) To the extent that there are any state claims remaining, the Court has discretion to exercise

8          or refuse to exercise jurisdiction over them once there are no further federal claims to

9          adjudicate.  28 USC § 1367(c)(3); see United Mine Workers v. Gibbs, 383 U.S. 715, 728

10         (1966).  In this matter, the Court declines to exercise its supplemental jurisdiction over

11         Plaintiff's state claims, if any.

12     Upon consideration of Plaintiff's arguments as enumerated in his surreply, the Court still finds

13   that Plaintiff has failed to state a claim for which relief can be granted.

14                                              **Conclusion**

15     Plaintiff's employment discrimination claims were filed after the 90-day statutory limitations

16   period mandated by EEOC legislation.  His federal claims do not "relate back" to an earlier state

17   lawsuit, nor is he entitled to an equitable tolling of the statute of limitations.  The statute of limitations

18   for his cause of action has run and his claim must fail.  Although there do not appear to be any state

19   law claims associated with his federal action, to the extent that there are the Court declines to exercise

20   supplemental jurisdiction over them.

21     Defendant's motion to strike Plaintiff's surreply is DENIED.  Pursuant to FRCP 12(b)(6), the

22   Court DISMISSES Plaintiff's complaint.

23     The clerk is directed to provide copies of this order to all counsel of record.

24

25

26   **ORD ON MTN
     TO DISMISS - 6**

1    Dated: November _21__, 2007

2

3    Marsha J. Pechman

4    Marsha J. Pechman
     U.S. District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   **ORD ON MTN**
     **TO DISMISS - 7**